## STATE OF OREGON,
### *Respondent,*
#### *v.*
## ALBERT WILLIAMS,
### *Appellant.*

### (No. C 78-11-18106, CA 13754)

605 P2d 1361

Daniel C. Lorenz, Portland, argued the cause for appellant. With him on the brief was Des Connall, P.C., Portland.

W. Benny Won, Assistant Attorney General, argued the cause for respondent. With him on the brief were James A. Redden, Attorney General, and Walter L. Barrie, Solicitor General, Salem.

Before Joseph, Presiding Judge, and Lee and Richardson, Judges.

LEE, J.

## LEE, J.

Defendant was charged with murder. He claimed that he acted in self-defense. There was evidence from which the jury could have found that the decedent had been the initial aggressor and that defendant did act in self-defense. Defendant was convicted of manslaughter in the first degree. ORS 163.118. He appeals from the resulting judgment. We reverse and remand.

At trial, the prosecution called the decedent's work supervisor as a rebuttal witness to testify that the decedent had a reputation for peacefulness. The decedent had moved to Oregon from California approximately nine months before he was killed, and the witness had not known the decedent prior to the move. During cross-examination of the witness, defense counsel learned for the first time that the decedent had been on parole for a California offense. The prosecution had been aware before trial that the decedent had been convicted of burglary in California. The prosecuting attorney explained why that fact had not been disclosed to the defendant by stating:

"Your Honor, this matter was brought by me to my superiors. They felt that the whole thing was collateral. It's not required by the statute and not relevant in this proceeding."

The trial court allowed defendant a continuance to enable him to obtain information regarding the decedent's California criminal record and to make appropriate preparations in light of that information. During the continuance, the prosecution furnished defendant the information known to it regarding the decedent's background and activities in California.

When the trial resumed, defendant recalled the decedent's supervisor to ask whether he was familiar with the specific acts of the decedent which had become known to defendant during the continuance. After the prosecution objected to that line of inquiry, defendant made an offer of proof. The trial court sustained an objection to this evidence and stated that

the incidents about which the defendant inquired were not relevant to the decedent's reputation for peacefulness and that the incidents occurred prior to the time the witness knew the decedent.

Defendant contends that the excluded testimony was proper impeachment. The state argues, first, that the trial court was correct in excluding the testimony, because the defendant's questions were "extraneous" in light of the witness' previous testimony that he had known the decedent for only nine months and was generally unfamiliar with the decedent's activities prior to that time.

The questions defendant sought to ask dealt with the witness' knowledge of the very facts defendant was granted a continuance to discover. During the continuance, defendant learned that the decedent did in fact have an extensive criminal record in California. The defendant should have been permitted to inquire about the witness' familiarity with the specific components of and matters related to that record. *See, generally, Michelson v. United States*, 335 US 469, 69 S Ct 213, 93 L Ed 168 (1948); *State v. Kendrick*, 31 Or App 1195, 572 P2d 354 (1977), *rev den* 285 Or 385 (1978), and authorities therein cited. The fact that defendant's questions pertained to events which occurred before the witness knew the decedent does not render the line of inquiry impermissible. Indeed, the purpose (among others) of "specific incident" cross-examination of reputation witnesses is to "test * * * the extent of their information upon the subject-matter to which they have testified." *State v. Ogden*, 39 Or 195, 198, 65 P 449 (1901). Events which are not too remote in time to bear on present reputation are appropriate subjects of inquiry. *State v. Kendrick; supra*, at 1200. Reputation is a quality which, by definition, develops over a period of time. *See* McCormick, Evidence, § 44 (2d ed 1972). The events in question here took place before the decedent and the witness became acquainted, but some of them occurred suffi-

ciently recently to be relevant to the decedent's reputation and to the witness's familiarity with that reputation.

The state next argues that the questions in the offer of proof were not relevant to the trait of peacefulness or violence. We disagree. Among the questions the defendant asked the witness were whether he was aware that the decedent had an explosive temper, that the decedent's mother had reported to his parole officer that he had a violent and explosive temper, and that the decedent had made the statement that he did not like persons of defendant's race.

Finally, the state argues that evidence of and further examination of the witness regarding his familiarity with the specific acts of the decedent would have been redundant, because the jury was already aware that the decedent carried a knife, that he was the initial aggressor, that he had the knife in his hand at the time he was shot, and that he was on parole. The state concludes that, because the jury found defendant guilty notwithstanding this evidence, further evidence of the decedents acts could not have affected the verdict. In essence, the state's argument is that the defendant should not have been permitted to impeach a witness the state called to testify that the decedent had a reputation for peacefulness because other evidence already conclusively established that the decedent's character was the opposite of what the state's witness testified it was reputed to be. We reject the argument. The trial court erred in excluding the proffered testimony.

The remaining assignments of error relate to matters which will not recur or affect the new trial, or which have previously been decided adversely to the defendant's position.

Reversed and remanded for new trial.